Gregory A. Meredith [CA SBN: 119373]
8801 Folsom Blvd. #260
Sacramento, CA 95826
Telephone No.: (916) 642-1225
Facsimile No.: (916) 381-0611
Email: GMeredith@MartinBrothers.Net

Attorney for USE-PLAINTIFF MARTIN BROTHERS
CONSTRUCTION

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>For the Use and Benefit of:<br><br>MARTIN BROTHERS CONSTRUCTION,<br>a California corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>MOWA-BARLOVENTO JOINT VENTURE A;<br>WESTERN SURETY COMPANY; and<br>DOES 1-20, inclusive,<br><br>       Defendants. | Case No.:<br><br><br><br>**MARTIN BROTHERS CONSTRUCTION'S COMPLAINT FOR:**<br>  **(1) RECOVERY ON MILLER ACT PAYMENT BOND;**<br>  **(2) BREACH OF CONTRACT; AND**<br>  **(3) QUANTUM MERUIT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, UNITED STATES OF AMERICA, for the Use and Benefit of, MARTIN BROTHERS CONSTRUCTION, a California Corporation [hereinafter MBC] who complains and alleges as follows:

### JURISDICTION

1. MBC's Complaint for Relief is brought pursuant to 40 U.S.C. § 3131 through 40 U.S.C. 3134, commonly known as the Miller Act. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction of this

- 1 -

Complaint. Also, this is a claim on a payment bond under the Miller Act, and pursuant to 28 U.S.C. § 1352, this Court has jurisdiction of this Complaint. This Court has supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

**PARTIES**

2.   MBC is and at all times herein mentioned was, a corporation organized and existing under and by virtue of the laws of the State of California, doing business and having its principal place of business in the County of Sacramento, State of California and is a licensed contractor.

3.   MBC is informed and alleges that at all times relevant herein Defendant MOWA-Barlovento Joint Venture A is a Joint Venture business authorized to do business within the jurisdiction of this Court.

4.   At all times relevant herein Defendant Western Surety Company, was and now is a Corporation authorized and licensed to do business and is doing business in the State of California as a surety issuing bonds required by law or contract by the United States and various agencies within the jurisdiction of this Court.

5.   MBC is unaware of the true names, capacities, or basis for liability of Defendants DOES 1-20, inclusive, and therefore sues said Defendants by their fictitious names.  MBC will amend this complaint to allege their true names, capacities, or basis for liability when the same has been ascertained.  MBC is informed and believes and thereon alleges that Defendants DOES 1-20, inclusive, and each of them, are in some manner liable to MBC.

6.   At all times relevant to this action, each Defendant, including those fictitiously named, was the agent, servant, employee, partner, or joint venture, of the other Defendants and each was acting

1   within the scope of said agency, employment, partnership, or venture

2   with the knowledge and consent or ratification of each of the other

3   Defendants in doing the things alleged herein.

4   **GENERAL ALLEGATIONS**

5      7.   On or about September 15, 2021, MOWA-Barlovento Joint Venture

6   A [hereinafter Barlovento], as a contractor, entered into a

7   written contract with the United States of America, by and

8   through the department of Air Force for Building 11177 Parking

9   Lot improvements at Beale AFB.

10      8.   On or about November 2, 2021, MBC and Barlovento entered into

11   a written contract with regard to a portion of said project for grinding

12   and repaving an asphalt parking lot and installing a Concrete Driveway.

13   A copy of said contract is attached hereto as Exhibit A and incorporated

14   herein.

15   **FIRST CLAIM FOR RELIEF**
**(Action on Miller Act Bond against all Defendants)**

16

17      9.   MBC repeats and incorporates herein by reference each and

18   every allegation contained in paragraphs 1 through 8 above.

19      10.   Use-Plaintiff is informed and believes and thereon alleges

20   that under 40 USC §§3131-3133, Defendant Barlovento, as principal, and

21   Defendant Western Surety, as surety, executed  and delivered a payment

22   bond to the United States, whereby said Defendants bound themselves

23   jointly and severally for the purposes of allowing a joint action or

24   actions against any and all of them and bound themselves in a sum of

25   money equal to the contract price.

26      11.   Between November 22, 2021 and March 31, 2022, Use-Plaintiff

27   furnished labor, material and equipment (hereinafter "Work") under a

28   written contract between Use-Plaintiff and Defendant Barlovento and at

the specific request of Barlovento, in the execution of the Prime
Contract between Barlovento and the United States of America, by and
through the department of Air Force.

12.   Under said contract Barlovento agreed to pay Use-Plaintiff a
base contract amount of $129,200 plus change orders and extra work
orders for a total amount earned of $159,009.98 for said work.

13.   Use-Plaintiff has fully and completely performed all promises
on the Use-Plaintiff's part to be performed under its contract with
Barlovento and under the bond, and all conditions precedent to the
obligations of Defendants, and each of them, to perform have been
satisfied.

14.   MBC's work was accepted on April 13, 2022 and no payments had
been made despite multiple demands upon Barlovento so based upon those
non payments, MBC on or about October 5, 2022 sent a demand for payment
to Western Surety Company and Barlovento.

15.   Of the total contract price of $159,009.98 for Work furnished
by Use-Plaintiff to Barlovento, only one payment in the amount of
$106,201.82 was paid (after the demand on the Surety) on October 17,
2022 leaving a balance of $52,808.16 remaining due, owing, and unpaid to
Use-Plaintiff, exclusive of interest.

16.   Use-Plaintiff last furnished Work on the Project within the
year immediately preceding the date of this complaint was filed.

17.   A period of 90 days has now elapsed since Use-Plaintiff last
provided Work to Barlovento.

18.   Under the payment bond executed between Defendants Barlovento
and Western Surety Company, Defendant Western Surety Company is jointly
and severally obligated to provide payment to Use-Plaintiff for Work
provided to the Project.  Accordingly, on the failure of Barlovento to

1  compensate Use-Plaintiff for Work provided, Defendant Western Surety

2  Company is obligated to pay Use-Plaintiff the amount of $52,808.16 plus

3  interest.

4      WHEREFORE, the United States of America, for the use and benefit of

5  Use-Plaintiff Martin Brothers Construction, prays for Judgment as set

6  forth below.

7

8  **SECOND CLAIM FOR RELIEF**
**(Breach of Contract against Barlovento and DOES 1-10)**

9      19.   MBC repeats and incorporates herein by reference each

10  and every allegation contained in paragraphs 1 through 18 above.

11      20.   MBC performed all obligations required of it under the

12  contract with Barlovento.

13      21.   Barlovento breached the contract by failing to pay MBC for

14  the work performed under the contract.

15      22.   As a direct and proximate result of Barlovento's breach of

16  contract, MBC has been damaged in an amount of Fifty Two Thousand Eight

17  Hundred Eight and 16/100th Dollars ($52,808.16), exclusive of interest

18  due thereon.

19      WHEREFORE, the United States of America, for the use and benefit of

20  Use-Plaintiff Martin Brothers Construction, prays for Judgment as set

21  forth below.

22  **THIRD CLAIM FOR RELIEF**
**(Quantum Meruit against Barlovento and DOES 1-10)**

23

24      23.   MBC repeats and incorporates herein by reference each and

25  every allegation contained in paragraphs 1 through 22 above.

26      24.   Barlovento, by words or conduct, requested that MBC perform

27  the work on the Project for the benefit of Barlovento.

28

25.   Barlovento agreed to pay MBC for the Work rendered in connection with the Project on a fixed sum for the contract work and on a time and materials basis for extra work.

26.   MBC performed the work for Barlovento in connection with the Project, and said work has enriched Barlovento.

27.   MBC has made demand on Barlovento for the value of the Work rendered on Barlovento's behalf in connection with the Project; however, Barlovento has failed and refused to pay for the value of that Work.

28.   The reasonable value of the work rendered by MBC in connection with the Project that has not been paid is Fifty-Two Thousand Eight Hundred Eight dollars and Sixteen cents ($52,808.16).

29.   As a direct and proximate result of Barlovento's conduct, MBC has been damaged in an amount not less than Fifty-Two Thousand Eight Hundred Eight dollars and Sixteen cents ($52,808.16), exclusive of interest.  MBC will prove the totality of its damages proximately caused by Barlovento at time of trial.

30.   Barlovento's failure and refusal to pay MBC for the Work rendered in connection with the Project has substantially enriched Barlovento at the expense of MBC, and such unjustified enrichment is inequitable

WHEREFORE, the United States of America, for the use and benefit of Use-Plaintiff Martin Brothers Construction, prays for Judgment against Defendants, and each of them as follows:

**PRAYER FOR RELIEF**

Use-Plaintiff Martin Brothers Construction prays for the following relief:

1.   For the sum of sum of $52,808.16;

2.   Interest on the delayed payments according to proof;

3.  Its costs of suit; and,

4.  Such further and other relief as the Court deems just

and proper.

### JURY DEMAND

Use-Plaintiff respectfully demand a jury trial on all

triable issues.


DATED:  March 21, 2023        BY:/s/ Gregory A. Meredith
                              Gregory A. Meredith
                              Attorney for USE-PLAINTIFF
                              Martin Brothers Construction